## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
           Petitioner,

       v.

DEPARTMENT OF THE TREASURY,
           Agency.

DOCKET NUMBER
CB-1208-22-0016-U-3

DATE: November 9, 2022

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie R. Figueira, Esquire, Malvina Winston, Esquire and Paul David
    Metcalf, Jr., Esquire, Washington, D.C., for the petitioner.

Corlie McCormick, Jr., Esquire, Crofton, Maryland, for the relator.

Ralph C. Conte, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the proposed removal issued by the Department of the Treasury (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2    By order dated July 28, 2022, Member Limon granted OSC's initial request for a 45-day stay of the proposed removal of Ms. Spalding based on a charge of misconduct.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Order on Stay Request (July 28, 2022) (U-1 Order on Stay Request).  The initial stay was granted to permit OSC to conduct an investigation into whether the agency's proposal to remove Ms. Spalding was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A).  *Id.*, ¶ 6.  OSC's initial stay request was granted through and including September 10, 2022. *Id.*, ¶¶ 1, 7.  By order dated September 9, 2022, the Board granted OSC's request to extend the stay for 60 days, through and including November 9, 2022, on the same basis as the initial stay request.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Order on Stay Request, ¶¶ 4 n.2, 6 (Sept. 9, 2022) (U-2 Order on Stay Request).

¶3    On October 25, 2022, OSC filed a second request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Stay Request File (U-3 SRF), Tab 1. The agency filed a response in opposition to OSC's request.  U-3 SRF, Tab 2.

**ANALYSIS**

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B)(i); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5    In requesting its second 60-day extension of the existing stay, OSC asserts that the factual record has not substantially changed and that it continues to have reasonable grounds to believe that the agency's proposed removal is a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(1)(A) and (b)(8). U-3 SRF, Tab 1 at 4, 6. OSC states that it has used the stay period thus far to conduct interviews and review the information it has obtained from the agency, and that it has scheduled an additional interview for a future date with a witness who was previously unavailable. *Id.* at 8. OSC also asserts that it has submitted a second request for information from the agency and a request for information from the Department of the Treasury's Office of the Inspector General (OIG), and that the additional time will allow the agency to provide responses to its requests and for OSC to review those responses. *Id.* at 8. Additionally, OSC states that the agency produced its final and largest production of documents in response to its first request for information on October 1, 2022, totaling over 8,000 documents, and that it needs additional time to finish reviewing these documents. *Id.* at 4, 8.

¶6    Finally, OSC asserts that, based on the evidence it has obtained since the issuance of the initial stay and the stay extension, it now has reasonable grounds to believe that Ms. Spalding engaged in protected activity under 5 U.S.C.

§ 2302(b)(9)(C) when she sent the December 2019 anonymous email to the agency's Anti-Harassment Coordinator, and the agency committed a prohibited personnel practice when it proposed her removal in retaliation for that protected activity. *Id.* at 4, 6-7. Consequently, OSC states that it also intends to use the additional time to review the evidence it has and will obtain in relation to this claim. *Id.* at 7-8.

¶7      The agency opposes OSC's request for an extension, arguing that granting the extension would be unreasonable and inappropriate under the circumstances. U-3 SRF, Tab 2 at 2. Regarding the length of time that the proposed action has already been stayed, the agency argues that the statutory guidelines for OSC investigations generally require OSC to make a determination concerning whether a prohibited personnel practice has been committed within 8 months, and OSC has already been in possession of the core documents related to Ms. Spalding's proposed removal for over 7 months. *Id.* at 3-9. The agency also argues that OSC's most recent request for information is duplicative, noting that OSC is again requesting materials that are already in its possession. *Id.* at 3 n.3.

¶8      Additionally, the agency asserts that OSC has mischaracterized the basis for the OIG's investigation into the anonymous email and reiterates its objection to OSC's request to investigate Ms. Spalding's proposed removal as retaliation for protected whistleblowing activity under 5 U.S.C. § 2302(b)(8). *Id.* at 2 n.1, 4-6 & n.5. To that end, the agency argues that OSC has inappropriately expanded its investigation beyond the scope of the stay the Board granted by turning an otherwise "straight-forward Title VII retaliation claim" into a "wide-ranging, systemic review of actions taken by the Agency in various personnel matters." *Id.* at 8-10. Finally, the agency objects to OSC's request to expand the scope of its investigation to include a claim that the agency proposed Ms. Spalding's removal in retaliation for her protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(C), arguing that OSC has not provided any evidence to support its request to extend the stay to investigate this claim. *Id.* at 12-13.

¶9     As noted in the Board's previous order granting the initial stay in this case, the Board has found that OSC alleged in its July 25, 2022 stay request that it has reasonable grounds to believe that Ms. Spalding's proposed removal was the result of a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(1)(A). U-1 Order on Stay Request, ¶ 6. Viewing the record in the light most favorable to OSC, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation. *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997). As previously set forth, the record supporting OSC's stay extension request does not appear to have changed materially since the initial stay was granted, and so we find it appropriate to extend the stay.[2] *See Waddell*, 103 M.S.P.R. 372, ¶ 5.

¶10    We also acknowledge the agency's stated concerns about the amount of time the case has taken thus far.[3] A separate determination must be made on the

---

[2] Regarding OSC's request to expand the scope of its investigation to include whether the agency proposed Ms. Spalding's removal in retaliation for her protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(C), as was the case with OSC's request to investigate allegations of wrongdoing under 5 U.S.C. § 2302(b)(8), we need not consider whether to grant the stay on this alternative basis because we are granting the stay based on alleged prohibited personnel practices under 5 U.S.C. § 2302(b)(1)(A). U-1 Order on Stay Request, ¶ 6 n.2; U-2 Order on Stay Request, ¶ 7 n.2; *see, e.g.*, *Special Counsel v. Department of Transportation*, 70 M.S.P.R. 520, 522 n.* (1996) (finding it unnecessary to consider an alleged prohibited personnel practice claim under 5 U.S.C. § 2302(b)(11) because there was sufficient support for granting the stay based on the 5 U.S.C. § 2302(b)(8) claim). The initial stay and the stay extensions are limited to OSC's request to investigate potential prohibited personnel practices under 5 U.S.C. § 2302(b)(1)(A). *See, e.g.*, *Special Counsel v. U.S. Fish & Wildlife Service*, 64 M.S.P.R. 413, 414-15 (1994) (denying OSC's stay extension request when it asserted that newly discovered evidence could support a new potential violation that could change the course of action taken by OSC, and OSC stated that it required addition time to determine whether further action was warranted).

[3] Regarding the agency's specific argument that the statutory guidelines indicate that OSC should make a determination concerning whether to pursue a prohibited personnel practices claim within 8 months, although the agency cites 5 U.S.C. § 2302(b)(2)(A) to support its argument, the statutory provision the agency appears to be relying on is 5 U.S.C. § 1214(b)(2)(A)(i). U-3 SRF, Tab 2 at 8. That provision states as follows: "[e]xcept as provided under clause (ii), no later than 240 days after the date of receiving

length of a requested stay, and the Board may extend the period of a stay for any period it considers appropriate. *Special Counsel ex rel. Meyers v. Department of Housing & Urban Development*, 111 M.S.P.R. 48, ¶ 17 (2009); *Waddell*, 105 M.S.P.R. 208, ¶ 5. As we previously noted, the Board has recognized that it is the intent of Congress that stays not be extended for prolonged periods of time, and Congress has encouraged the Board to press OSC to present any corrective action case in a timely manner. U-2 Order on Stay Request, ¶ 9; *see Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421-22 (1996) (citing *Special Counsel v. Federal Emergency Management Agency*, 44 M.S.P.R. 544, 546-47 (1990)). However, the fact that OSC recently received over 8,000 documents to review, is awaiting responses to its recently issued requests for information, and has scheduled an additional interview with a relevant witness, are factors in favor of granting its request for an extension of the stay. *See Special Counsel ex rel. Tines v. Department of Veterans Affairs*, 98 M.S.P.R. 510, ¶¶ 4-6 (2005) (granting a request for a 70-day extension of a stay when OSC recently received 600 pages of documents to review from the agency and needed to conduct witness interviews).

---

an allegation of a prohibited personnel practice under paragraph (1), the Special Counsel shall make a determination whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." However, this provision addresses the timeline for OSC's investigation of allegations of prohibited personnel practices submitted by complainants to OSC under 5 U.S.C. § 1214(a)(1)(A). The provisions governing OSC's requests for stays of personnel actions are set forth in 5 U.S.C. § 1214(b)(1)(A)-(E) and specify that the Board may extend the period of any stay on a personnel action granted to OSC under subparagraph (A) "for any period the Board considers appropriate." 5 U.S.C. § 1214(b)(1)(B)(i). Additionally, although the agency repeatedly references the fact that OSC has been in possession of the "core documents" related to Ms. Spalding's proposed removal for more than 7 months, OSC did not first request a stay of the proposed removal in this case until July 25, 2022, so only 107 days will have elapsed since OSC formally initiated its investigation as of the date the stay extension is currently set to expire. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Stay Request File, Tab 1 at 5, 19.

¶11     Regarding the amount of time that OSC has requested for its extension, we have considered, sua sponte, whether we should grant an extension for some amount of time less than the 60 days OSC requested, taking into consideration the fact that the stay extension request is being approved on a narrower basis than that which OSC requested the extension, i.e., only in order for OSC to complete its existing investigation into potential prohibited personnel practices under 5 U.S.C. § 2302(b)(1)(A).  However, we have decided to grant the extension for the full 60 days requested at this time.  Relevant to this determination is the fact that much of the 60-day stay extension period will take place during the fall and winter holidays, when it may be difficult to schedule witness interviews and OSC and agency personnel may be on scheduled leave, which may impact OSC's ability to complete its investigation.  *See Special Counsel v. Department of Transportation*, 59 M.S.P.R. 559, 560 (1993) (finding that a 90-day extension of a stay was appropriate because of, inter alia, the difficulty inherent in scheduling investigatory interviews during the holiday season).  For these reasons, and viewing the record in the light most favorable to OSC, we find that OSC has shown reasonable cause to justify extending the stay an additional 60 days.

## ORDER

¶12     Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

    (1)    The stay issued on July 28, 2022, is extended through and including January 8, 2023, on the terms and conditions set forth in that Order;

    (2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[4] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before December 24, 2022; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before December 31, 2022.

FOR THE BOARD:                                    /s/ for
                                                  Jennifer Everling
                                                  Acting Clerk of the Board
Washington, D.C.

---

[4] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.